IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN E. BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-803-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Darren E. Brown, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be denied.

**Background**

Petitioner is serving a 10-year sentence for forgery at the Sanders Estes Unit of the Texas Department of Criminal Justice. While incarcerated, Petitioner was convicted of the disciplinary infraction of possession of marijuana. Punishment was assessed at the loss of recreation and commissary privileges for 45 days, loss of 30 days of good time credit, and a reduction in time-earning status from S3 to L1. Petitioner challenged the results of this hearing through the prison grievance process. His grievances were denied. Petitioner then filed this action in federal court, alleging that there was insufficient evidence to support his conviction, his due process rights were

violated by the last-minute replacement of his "counsel substitute," and that prison officials charged him with this infraction in retaliation for prior grievances.

## Legal Standards

The due process rights of prisoners are generally limited to freedom of restraints that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Restrictions that alter only the conditions of confinement do not implicate due process. *See Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000) (reduction of time-earning status, loss of commissary privileges, and cell restrictions do not implicate due process); *see also Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (same as to commissary and cell restriction).

And a prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *See Malchi,* 211 F.3d at 957-58. When a prisoner has a protected liberty interest in the loss of accrued good time credit, the revocation of such credit must comply with minimal procedural due process. *See Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see also Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the ability to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or

correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken. *See id.* at 564-67.

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 457 (1985); *see also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981) (court must determine whether "any evidence at all" supports disciplinary action taken by prison officials); *Van v. Johnson,* No. 3:00-cv-2024-D, 2001 WL 741724, at *2 (N.D. Tex. May 21, 2001), *rec. adopted,* 2001 WL 720504 (N.D. Tex. June 21, 2001).

**Analysis**

Initially, Petitioner's claims regarding his loss of recreation privileges, commissary privileges, and reduction in line class do not allege a constitutional violation. That is, these punishments do not implicate due process. *See Malchi,* 211 F.3d at 958; *see also Madison,* 104 F.3d at 768. However, petitioner also lost 30 days of good time credit. Assuming that Petitioner is eligible for release to mandatory supervision, he has a protected liberty interest sufficient to justify the consideration of his claims on the merits. *See Malchi,* 211 F.3d at 958-59.

Petitioner first contends that the evidence was insufficient to establish a disciplinary infraction of possession of marijuana because the contraband was discovered outside of his presence, procedures regarding property searches were not followed, and there are many ways that the marijuana might have gotten into the

-3-

bible. *See* Dkt. No. 3 at 7; Dkt. No. 4 at 1-4. However, disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Habeas relief will not lie if the guilty finding has "support of some facts" or "any evidence at all." *Hudson v. Johnson,* 242 F.3d 534, 537 (5th Cir. 2001).

In this case, the hearing officer considered an offense report that indicated that a piece of a substance later determined to be marijuana was discovered in confiscated property found during a search of Petitioner's cell. *See* Dkt. No. 11-1 at 7. This alone constitutes the evidence necessary to support the disciplinary infraction. *See Hudson*, 242 F.3d at 537 (prison incident report is "some evidence" of guilt). In addition, the hearing officer considered testimony, written statements from prison staff, photographs of the contraband, and a photograph of the test kit that confirmed that the substance was marijuana. *See* Dkt. No. 11-1 at 3-4.

Petitioner does not claim that he was denied proper written notice, the ability to call witnesses and present documentary evidence, or a written statement documenting the evidence relied upon by the hearing officer and reason for the finding of guilt. Indeed, the evidence submitted by Respondent establishes that Petitioner received these constitutional protections. *See id.*

Accordingly, Petitioner has failed to establish any due process violation.

Next, petitioner complains that he received inadequate representation at the disciplinary hearing because his "counsel substitute" was replaced at the last moment and he had no opportunity to consult with the new representative prior to the hearing.

*See* Dkt. No. 3 at 7; Dkt. No. 4 at 4-5. This claim fails for two reasons. First, there is no constitutional right to representation at a prison disciplinary hearing. *See Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976); *see also Van,* 2001 WL 741724, at *3. Second, Petitioner has not provided any evidence of deficient assistance nor that any deficiency prejudiced the outcome of his disciplinary case. Petitioner's conclusory assertions that his constitutional rights were violated by the last-minute replacement of his "counsel substitute" do not merit relief. *See Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000).

Finally, Petitioner claims that the multiple searches of his cell, disciplinary charges, and his finding of guilt were conducted in retaliation for prior grievances filed against prison officials. *See* Dkt. No. 3 at 7; Dkt. No. 4 at 5-7. Respondent contends that Petitioner did not properly exhaust state remedies as to this Eighth Amendment claim and that it is therefore procedurally barred. *See* Dkt. No. 9 at 6-8. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). "To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident – such as the filing of disciplinary reports as in the case at bar – would not have occurred. This places a significant burden on the inmate." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (footnote omitted). Here, Petitioner has not presented any direct evidence of retaliatory motivation, nor has he alleged a chronology of events from which retaliatory motivation for the disciplinary proceedings may be plausibly inferred. *See id.*; *see also Johnson v.*

*Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997) (prisoner must allege more than mere subjective beliefs that a defendant retaliated against him). Accordingly, habeas relief is not proper whether or not Petitioner exhausted state remedies.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 6, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE